## M. E. Merwin, Appellant, v. C. U. Williams, Appellee.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Judgment by confession. Appeal from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed December 7, 1910.

WELTY, STERLING & WHITMORE, for appellant.

LIVINGSTON & BACH, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

On March 31, 1906, C. U. Williams executed a promissory note for one hundred dollars, payable to the order of M. E. Merwin, with interest at seven per cent.

Accompanying this note was a power of attorney in the usual form authorizing confession of judgment. On April 3, 1907, judgment was confessed in the McLean Circuit Court. On motion filed by appellee to set aside that judgment the execution was stayed on April 5, 1907, and on the convening of the next term of court appellee was allowed to plead.

A plea of general issue was filed with notice setting forth that the note upon which this confession of judgment was had was a series of notes growing out of an original loan made July 29, 1891; that certain payments had been made upon said note at various times and upon the renewals thereof until $368 had been paid on said original loan, and that this note being one of a series of a renewal of the original indebtedness that the same was tainted with usury and that the note had been fully paid.

Trial was had by a jury, the jury found the issues for appellee, judgment was rendered upon that verdict setting aside and vacating the original judgment and for costs against appellant.

The only question involved in this case is whether the note now in controversy is a continuation and renewal of the original loan made July 29, 1891. Appellant insists that the original note was paid off and that in the succeeding notes which were executed from that time on various occasions, until the execution of the present note, different persons furnished the money and the various notes were made payable to different payees, that the original indebtedness was to Merwin Brothers and the indebtedness represented by the note in question is to M. E. Merwin.

It is not disputed that if this note was one of a series growing out of the original indebtedness and is one of a series given in renewing that indebtedness, then the defense of usury is good as to this note, but the sole contention of appellant is that this is not a renewal of the original indebtedness and is not one

of a series of notes given for that indebtedness but that on maturity of each preceding note appellee borrowed money to pay off the old notes and gave new notes to the persons from whom the money was so borrowed, and it is conceded on the part of appellee that if the evidence does not disclose that this is one of a series of notes given for the renewal of the original obligation and of which appellant was fully cognizant, then this note cannot be defeated upon the plea of usury.

M. E. Merwin, the plaintiff in this action, is the wife of one James R. Merwin, who was one of the firm of Merwin Brothers from whom the original $100 was borrowed. An examination of this record shows that all of the transactions, of the loaning of the first $100 and the securing of the money for the renewals of the first note down to the present note, were conducted and transacted by the said James R. Merwin. That appellee knew no other person than James R. Merwin in any of these transactions, that the use of the various parties to whom the various notes were made payable and who, it is now claimed, furnished the various sums of money, was the act of James R. Merwin.

The various names used as payees in these notes were Merwin Brothers, P. Wakefield, brother-in-law of J. R. Merwin, G. Miller, his father-in-law, A. M. Wakefield, his sister-in-law, and M. E. Merwin, his wife. Appellee never saw, knew, or had any transaction whatever with any of these parties.

The record discloses that from the time of the making of the original loan appellee paid to James R. Merwin two dollars per month besides paying commissions and expenses of negotiating the loans together with recording and executing chattel mortgages securing the same, the last payment having been made in August, 1906.

A careful examination of this record discloses the

fact that the changes of names of the payee in these various notes was a concocted scheme of James R. Merwin to cover up and obscure the various transactions in order to deprive appellee of any defense of usury connected with the transaction.

Appellant was served with notice and requested to produce his books relating to this entire transaction in court upon trial. They were not produced and after various excuses as to why they could not be produced, he arrived at the conclusion they were destroyed by fire, but by whom, when and where, he did not know; he was unable to tell.

It is impossible to reach any other conclusion on this record than that arrived at by the jury in their verdict, that James R. Merwin was the principal in this transaction, that it was a deliberate scheme concocted and carried on by him through all of the various transactions.

The case of Funston for use, etc., v. Shirey, 151 Ill. App. 22, is in almost all respects identical with this.

Numerous criticisms are made concerning the instructions given and refused by the court in the trial of this cause, but upon a careful examination of those instructions we do not find the trial court committed any error in giving or refusing instructions and this judgment is the only one that could possibly be rendered in this case. There being no error in the trial below, the judgment is affirmed.

*Affirmed.*